# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JEDIDIAH BROWN | : |
| | : |
| Plaintiff, | : |
| | : CIVIL ACTION NO: |
| vs. | : |
| | : |
| JACKSON PROTECTION AGENCY, LLC | : |
| and PARTNERS FOR HOME, INC. | : |
| | : DEMAND FOR JURY TRIAL |
| Defendants. | : |

## COMPLAINT

COMES NOW Plaintiff Jedidiah Brown (hereinafter "Plaintiff") and submits this Complaint showing the Court as follows:

1.

This is a case arising out of Defendants' employment discrimination and retaliation against Plaintiff in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII").

## JURISDICTION AND VENUE

2.

Plaintiff's claims present federal questions over which this Court has jurisdiction pursuant to 28 U.S.C. § 1331, § 1343(a), and 42 U.S.C. § 2000e-5(f)(3).

3.

Venue is proper in this Court pursuant to 42 U.S.C. § 2000e-5(f)(3) and 28 U.S.C. §§ 1391(b) and (c), as every act of which Plaintiff complains occurred in the Atlanta Division of the United States District Court for the Northern District of Georgia.

4.

Plaintiff satisfied all conditions precedent to filing this action, including filing charges of discrimination with the U.S. Equal Employment Opportunity Commission, and receiving Notices of Right to Sue within ninety days of filing this civil action.

**PARTIES**

5.

Plaintiff is an African American male citizen of the United States, and a resident of the State of Georgia. Plaintiff identifies as bisexual. Plaintiff is an outspoken and well-known advocate for racial justice.

6.

Defendant Jackson Protection Agency, LLC (hereinafter "JPA") is a domestic limited liability company that provides security services to clients. JPA was registered with the Georgia Secretary of State to conduct business in the State

of Georgia at all times relevant to the allegations in this Complaint. JPA may be served with process upon its registered agent, Brandon Shea Jackson at 1740 Hudson Bridge Rd., Stockbridge, GA 30281. At all times relevant to Plaintiff's claims, JPA employed 15 or more employees. JPA is an "employer" and/or "joint employer" under Title VII at all times pertinent to this action and was Plaintiff's employer pursuant to the statute.

7.

Defendant Partners For HOME, Inc. (hereinafter "PFH") is a domestic nonprofit corporation that partners with other nonprofits, government, and business leaders in order to provide guidance and shelter for the homeless population in Atlanta, Georgia. PFH was registered with the Georgia Secretary of State to conduct business in the State of Georgia at all times relevant to the allegations in this Complaint. PFH may be served with process upon its registered agent, Cathryn Marchman at 55 Trinity Ave, Atlanta, GA, 30303. At all times relevant to Plaintiff's claims, upon information and belief, PFH employed 15 or more employees. PFH is an "employer" and/or "joint employer" under Title VII at all times pertinent to this action and was Plaintiff's employer pursuant to the statute.

## FACTUAL ALLEGATIONS

8.

For all times relevant to this lawsuit, PFH contracted with JPA to provide security services at two Atlanta-area hotels housing homeless individuals.

9.

In or around April 2020, JPA hired Plaintiff as a Security Officer and he was promoted to Supervisory Security Officer shortly thereafter.

10.

Plaintiff was assigned to manage JPA's security operations at two Atlanta-area hotels housing homeless individuals under its contract with PFH.

11.

While working at the two hotels as Supervisory Security Officer, PFH exercised control over Plaintiff's terms and conditions of employment.

12.

For example, PFH directed Plaintiff's work at the hotels; Plaintiff attended daily meetings led by PFH supervisors; Plaintiff was responsible for adhering to PFH's employment standards; and PFH disciplined security officers and supervisors.

13.

Plaintiff soon realized that Defendants maintained a culture of discrimination and retaliation against hotel residents and Defendants' employees.

14.

For example, JPA's Operations Manager told Plaintiff to find a pretextual reason to justify the termination of two gay security officers.

15.

Plaintiff regularly advocated against Defendants' unfair treatment of residents and employees. Plaintiff brought complaints directly to supervisors and officers of Defendants.

16.

On or around May 20, 2020, JPA's CEO Ronnie Jackson and CFO Shea Jackson told Plaintiff of a rumor that Plaintiff had a sexual relationship with a male resident. They asked Plaintiff if he was gay. Plaintiff denied the accusation of an inappropriate relationship.

17.

On or around June 22, 2020, JPA's CEO Ronnie Jackson informed Plaintiff that he discovered from a Huffington Post article that Plaintiff was bisexual and decided to terminate Plaintiff's employment.

18.

Jackson also referenced Plaintiff's racial justice advocacy as another reason for his termination.

## **COUNT ONE – SEX DISCRIMINATION**

19.

Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

20.

Plaintiff is bisexual and, therefore, a member of a protected class under Title VII.

21.

Because of his sexual orientation, Defendants discriminated against Plaintiff by involuntarily terminating his employment.

22.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII.

23.

As a result of Defendants' unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

24.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **COUNT TWO – RACE DISCRIMINATION**

25.

Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

26.

Plaintiff is African American and, therefore, a member of a protected class under Title VII.

27.

Plaintiff is a well-known advocate on behalf of the African American community.

28.

Because of his racial justice advocacy, Defendants discriminated against Plaintiff by involuntarily terminating his employment.

29.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII.

30.

As a result of Defendants' unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

31.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **COUNT THREE – RETALIATION**

32.

Plaintiff hereby incorporates each and every preceding paragraph as if fully set forth herein.

33.

Plaintiff engaged in statutorily protected activity by opposing conduct and actions made unlawful under Title VII. Plaintiff did this by advocating against the unfair and illegal treatment of residents and employees by Defendants.

34.

Because of his protected activity, Defendants retaliated against Plaintiff by involuntarily terminating his employment.

35.

Defendants acted in bad faith, willfully and wantonly disregarded Plaintiff's rights under Title VII, and acted in reckless disregard for Plaintiff's rights under Title VII.

36.

As a result of Defendants' unlawful actions, Plaintiff has suffered lost compensation, emotional distress, inconvenience, humiliation, and other indignities.

37.

Plaintiff is entitled to damages including back pay and lost benefits, front pay, compensatory damages, punitive damages, attorney's fees and costs of litigation, and all other relief recoverable under Title VII.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court assume jurisdiction of this action and after trial:

1. Grant Plaintiff a declaratory judgment holding that the actions of Defendants described above violated and continue to violate the rights of Plaintiff as secured by Title VII;

2. Grant Plaintiff a permanent injunction enjoining Defendants, their agents, successors, employees, attorneys and those acting in concert with the Defendants and on Defendants' behalf from continuing to violate Title VII;

3. Grant Plaintiff an order requiring Defendants to make Plaintiff whole by reinstating him to the position he would have occupied in the absence of the discrimination and retaliation as set out herein (or front pay), back pay (plus interest), compensatory, punitive, and/or nominal damages, loss of seniority, and benefits;

4. Grant Plaintiff his reasonable attorney's fees and costs in this action;

5. Grant Plaintiff a jury trial on all issues triable by a jury; and

6. Grant such other relief as the Court and/or a jury deems just and proper.

Respectfully submitted, this 22nd day of December, 2020.

|     |                                                                 |
| --- | --------------------------------------------------------------- |
| By: | s/ Michael B. Schoenfeld                                        |
|     | Georgia Bar No. 863727                                          |
|     | Stanford Fagan LLC                                              |
|     | 2540 Lakewood Avenue SW                                         |
|     | Atlanta, GA 30315                                               |
|     | (404) 622-0521, ext. 2244                                       |
|     | michaels@sfglawyers.com                                         |

11